IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREA KAY NOAH, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CASE NO. 1:23-CV-28-KFP ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), Plaintiff Andrea Kay Noah filed a Complaint seeking review of the Social Security Administration's decision denying her application for supplemental security income. Doc. 1. The Court construes Plaintiff's supporting brief (Doc. 9) as a motion for summary judgment and the Commissioner's opposition brief (Doc. 11) as a motion for summary judgment. The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). Docs. 4–5. After scrutiny of the record and the motions submitted by the parties, the Court finds that Plaintiff's motion for summary judgment is due to be DENIED, the Commissioner's motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

I.   STANDARD OF REVIEW

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope is limited to determining whether substantial evidence in the record

as a whole supports the Commissioner's decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is more than a scintilla but less than a preponderance. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision is supported by substantial evidence. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.   PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income with an alleged disability onset date of June 11, 2020.[1] R. 11. Her initial application was denied, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. 68, 87, 98, 105. Ultimately, the ALJ issued a decision finding Plaintiff not disabled. R. 21. The Appeals Council declined review, making the Commissioner's final decision ripe for judicial review. *See* 42 U.S.C. § 405(g); R. 1–7.

## III.   THE ALJ'S DECISION

The ALJ determined Plaintiff has the severe impairments of left knee degenerative joint disease; status post right elbow fracture; history of carpal tunnel syndrome; obesity; post-traumatic stress disorder (PTSD); major depressive disorder; generalized anxiety disorder; and attention deficit hyperactivity disorder (ADHD). R. 13. However, the ALJ

---

[1] Plaintiff initially alleged her disability began on August 21, 2000, but she amended the alleged onset date to June 11, 2020, at her administrative hearing. *See* R. 11, 48–49; *see also* R. 212.

2

found Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment. *Id.* The ALJ then determined Plaintiff has the residual functional capacity ("RFC") to perform light work with certain exertional limitations; to perform simple, routine, repetitive tasks with few workplace changes; to engage in occasional interaction with the general public and coworkers; and to sustain concentration and attention for two-hour periods. R. 15.

Considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were other jobs in the national economy that Plaintiff could perform, such as a laundry folder, small products assembler, or bakery line worker. R. 19–20. Accordingly, the ALJ concluded Plaintiff had not been under disability from June 11, 2020, through the date of the ALJ's decision on May 20, 2022. R. 20–21.

## IV.   DISCUSSION

On appeal, Plaintiff argues that the ALJ's evaluation of Dr. Randall Green Jordan's[2] opinion is not supported by substantial evidence. Doc. 9 at 2. The regulations applicable to claims filed after March 2017 provide the following:

> [T]he ALJ focuses on the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) using the following five factors: (1) supportability, (2) consistency, (3) relationship with the claimant (which includes length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, examining relationship), (4) specialization, (5) other factors. *See* 20 C.F.R. § 404.1520(c)(a)-(c) (2020). [In particular, a]n ALJ must explain how he considered the factors of supportability and consistency. [*See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).] The ALJ must explain in his decision how persuasive he finds a medical opinion and/or a prior administrative medical

---

[2] The ALJ and the Commissioner erroneously refer to Dr. Jordan as "Dr. Green" on several occasions. *See* R. 16; Doc. 11 at 12.

> finding based on these two factors. *Id*. The ALJ may but is not required to explain how he considered the other remaining factors. 20 C.F.R. § 404.1520c(b)(3) (2020).

*Nix v. Saul*, No. 4:20-CV-790-RDP, 2021 WL 3089309, at *6 (N.D. Ala. July 22, 2021). Notwithstanding these articulation requirements, an ALJ "is under no obligation to 'bridge' every piece of evidence he finds inconsistent with a specific opinion—nothing requires the ALJ to discuss every piece of evidence so long as the decision does not broadly reject evidence in a way that prevents meaningful judicial review." *Gogel v. Comm'r of Soc. Sec.*, No. 2:20-CV-366-MRM, 2021 WL 4261218, at *9 (M.D. Fla. Sept. 20, 2021) (citing *Dyer v. Barnart*, 395 F.3d 1206, 1211 (11th Cir. 2005)).

Dr. Jordan evaluated Plaintiff for the Disability Determination Service Unit on December 15, 2020. R. 353. At the evaluation, Plaintiff reported a history of anxiety attacks, social anxiety, nightmares, intrusive thoughts, PTSD, and a panic disorder. *Id*. During a mental evaluation, Dr. Jordan noted Plaintiff was anxious and distressed but demonstrated intact attention and memory with low to average intelligence. R. 354. Dr. Jordan's psychiatric examination revealed no loose associations, tangential thought, paranoid delusions, hallucinations, or suicidal or homicidal ideations; intact judgment; and fair insight. *Id.* Ultimately, Dr. Jordan diagnosed Plaintiff with a panic disorder, PTSD, and depression. *Id.* He opined Plaintiff faced no limitations in caring for herself, understanding and carrying out simple commands, sustaining work without supervision, seeking and accepting supervision, or managing finances; moderate limitations in maintaining a regular schedule; extreme limitations in maintaining a work schedule without missing more than

two days and in maintaining her appearance, behavior, and social skills; and severe limitations in maintaining attention and concentration. R. 355.

The ALJ considered Dr. Jordan's opinions and found them to be unpersuasive. He determined that the opinions were unsupported by the medical evidence: "[t]hese opinions appear to be based on the claimant's subjective reports," Plaintiff "has not been hospitalized for any mental health issue," and there is a gap in Plaintiff's mental health treatment suggesting noncompliance.[3] R. 16–17. The opinions were also inconsistent with the record evidence: "the limitations are inconsistent with the acknowledged activities of daily living including reading, watching television, . . . caring for her personal needs[,] . . . general cleaning[,] and fixing light meals." *Id.* Moreover, she explained that Dr. Jordan's opinions conflict with the medical records from SpectraCare, which show that her conditions stabilized with medication. R. 17.

The administrative record contains less than 100 pages of medical records. *See* R. 345–439. Even fewer of those records pertain to Plaintiff's mental health: a consultative examination performed in 2005, Dr. Jordan's evaluation from 2020, remarks in physical treatment records from 2021, and SpectraCare records from 2021. *See* R. 350, 353–355, 360–361, 367, 380, 385, 395–421. The SpectraCare records are the only medical records

---

[3] While the ALJ may not have used the word "supportability," the ALJ's discussion assures the Court that she found Dr. Jordan's evaluation unsupported by the evidence. *See Lewno v. Kijakazi*, No. 8:21-CV-1334-SPF, 2022 WL 3999282, at *5 (M.D. Fla. Sept. 1, 2022) ("Use of the words [supportability or consistency] is not required, however, as long as the ALJ's findings were ultimately based on these factors.") (citations omitted); *see also Thaxton v. Kijakazi*, No. 1:20-CV-616-SRW, 2022 WL 983156, at *8 (M.D. Ala. Mar. 30, 2022) (stating that "the ALJ need not use any magic words in discussing whether a medical opinion is supported by evidence from the medical source himself and whether the opinion is consistent with other evidence of record").

evidencing mental health treatment, and even those records are limited—they show that Plaintiff underwent an initial evaluation and attended four subsequent therapy appointments at SpectraCare. *See* R. 395–421.

Dr. Jordan claimed he considered both the medical evidence provided by the DDS and Plaintiff's own statements in making his determinations. *See* R. 353. Plaintiff now challenges the ALJ's conclusion that Dr. Jordan's opinions "appear to be based on [Plaintiff's] subjective reports[.]" *See* Doc. 9 at 9; *see also* R. 16. She alleges Dr. Jordan's findings were not based on subjective statements but were instead based on the medical evidence. Doc. 9 at 9. But Plaintiff did not point to any medical records to which Dr. Jordan could have based his opinion. Aside from the 2005 consultative examination (which yielded normal results), the only mental health records post-date Dr. Jordan's evaluation. *See* R. 350, 360–361, 367, 380, 385, 395–421. Thus, the ALJ reasonably deduced that Dr. Jordan's conclusions were based on Plaintiff's subjective statements.

Plaintiff stresses that Dr. Jordan's opinions were also based on his own observations from the mental and psychiatric examinations. Doc. 9 at 9, R. 353–54. However, Dr. Jordan's conclusions are far more consistent with Plaintiff's subjective statements than they are with those examination results. During the examinations, Dr. Jordan noted Plaintiff appeared anxious and distressed but was neatly groomed and hygienic; exhibited intact memory and concentration skills, fair insight, and uncompromised judgment; was able to appropriately respond to social scenarios; and demonstrated no loose associations, tangential thought, hallucinations, or suicidal or homicidal ideations. R. 353–54. Yet, he opined that Plaintiff was extremely or severely limited in her abilities to maintain attention,

6

concentration, behavior, social interaction, a regular work schedule, or an acceptable appearance. *Id.* Indeed, there is little overlap between Dr. Jordan's observations and his suggested limitations.

Next, Plaintiff claims the ALJ failed to adequately cite the record when evaluating Dr. Jordan's opinions. She argues that "[t]he ALJ makes no attempt to cite to actual facts in the objective record" nor does she "cite to records from SpectraCare in support of her assertion of inconsistency." Doc. 9 at 8–9. However, the ALJ summarizes and cites Dr. Jordan's observations from the mental and psychiatric examinations—observations that Plaintiff herself considers objective. *See* R. 16; Doc. 9 at 9 ("None of these notes or observations constitute 'subjective complaints.'"). Regarding SpectraCare, the ALJ explained:

> [Dr. Jordan's] opinions are inconsistent with the mental health treatment notes from SpectraCare (set forth more fully below), which reflect improvement with medication management and treatment compliance. . . . [T]he SpectraCare treatment notes indicate [Plaintiff] acknowledged improvement with medications (Exhibit 6F). The SpectraCare notes also reference that the claimant's condition is stable with medication (Exhibit 6F).

R. 16–17. The ALJ then proceeded to discuss and cite to the SpectraCare records. *See* R. 17. Thus, contrary to Plaintiff's allegations, the ALJ adequately cited the mental health evidence in support of her evaluation.

Plaintiff relies on portions of the SpectraCare records evidencing more severe symptoms to argue that "[t]he ALJ also fails to explain how these records contradict the opinions offered by Dr. Jordan." *See* Doc. 9 at 10–11. The ALJ was not required to discuss each piece of evidence she found inconsistent with Dr. Jordan's opinions. *See Gogel*, 2021

WL 4261218, at *9 (citing *Dyer*, 395 F.3d at 1211). Nor was the ALJ obligated to discuss Dr. Jordan's findings on issues reserved to the Commissioner, including Dr. Jordan's opinions regarding Plaintiff's ability to work and her ability to perform regular or continuing work. *See* 20 C.F.R. § 404.1520b(c)(3). The ALJ adequately explained that Dr. Jordan's findings were inconsistent with the SpectraCare records revealing mild symptoms when Plaintiff complied with treatment. *See* R. 16–17. That she did not belabor each piece of evidence is not an error.

Plaintiff also takes issue with the ALJ's conclusions that her acknowledged daily activities of reading, watching television, and caring for her personal needs discredit Dr. Jordan's limitations. Doc. 9 at 11. She points to records from the hearing and the adult function reports which suggest Plaintiff's activities of daily living are more limited. *Id.* But the ALJ's decision is not undermined by the presence of evidence supporting a favorable finding to the Plaintiff. *See McCarver v. Comm'r of Soc. Sec.*, No. 4:20-CV-01053-JHE, 2022 WL 860190, at *6 (N.D. Ala. Mar. 22, 2022) (citing *Dyer*, 395 F.3d at 1211). Instead, a plaintiff must show the absence of substantial evidence supporting the ALJ's determination. *See Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) ("Under a substantial evidence standard of review, [claimant] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion.") (citing *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)). And the ALJ was not obligated to discuss each reported activity of daily living because her decision does not broadly reject this evidence in a way that

precludes the Court's review. *See Gogel*, 2021 WL 4261218, at *9 (citing *Dyer*, 395 F.3d at 1211).

Finally, Plaintiff contends the ALJ had an obligation to recontact Dr. Jordan to explain the inconsistencies between his opinions and the SpectraCare records. Doc. 9 at 11–12 (citing 20 C.F.R. §§ 404.1512(e) and 416.912(f)). But the current regulations applicable to Plaintiff's claim create no such obligation. *See* 20 C.F.R. §§ 404.1512 and 416.912. Additionally, the version of the statute Plaintiff cites states that an ALJ will recontact a physician *if* "the evidence we receive . . . is inadequate for us to determine whether you are disabled." *See* 20 C.F.R. §§ 404.1512(e) and 416.912(f). The ALJ had sufficient evidence from which to determine Plaintiff's disability status: she relied on the limited medical evidence, opinion evidence, hearing testimony, and Plaintiff's activities of daily living. In doing so, she supported her decision with substantial evidence. *See Martin*, 894 F.2d at 1529. The Court cannot disturb this finding. *See Winschel*, 631 F.3d at 1178; *Bloodsworth*, 703 F.2d at 1239.[4]

---

[4] Plaintiff argues that "[i]n *Mace v. Comm'r, Soc. Sec. Admin.*, the Eleventh Circuit flatly rejected many of the grounds raised by the ALJ . . . as substantial evidence to dismiss a psychiatric opinion." *See* Doc. 9 at 8 (citing 605 F. App'x 837, 842 (11th Cir. 2015)). Applying the then-applicable regulations, the *Mace* court held that the ALJ failed to establish good cause for discounting a medical opinion because the ALJ did not consider the impact the plaintiff's structured environment would have on his ability to function. *See* 605 F. App'x at 842. Although Plaintiff summarizes *Mace*, she does not otherwise explain its applicability to the ALJ's decision. *See* Doc. 9. By citing the case without offering supporting arguments, Plaintiff waived this argument. *See Arrington v. Saul*, No. 2:19-CV-124-KFP, 2021 WL 1215785, at *3 (M.D. Ala. Mar. 30, 2021) ("We have long held that an appellant abandons a claim when [she] either makes only a passing reference to it or raises it in a perfunctory manner without supporting arguments and authority.") (internal citations and quotation marks omitted).

## V. CONCLUSION

For the reasons stated above, it is ORDERED as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 9) is DENIED.

2. The Commissioner's Motion for Summary Judgment (Doc. 11) is GRANTED.

3. The Commissioner's decision is AFFIRMED.

A final judgment will be entered separately.

DONE this 22nd day of August, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE